# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL DWAYNE SMITH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 80940

FILED

JUN 11 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of burglary while in possession of a firearm, first-degree kidnapping with the use of a deadly weapon, first-degree kidnapping with the use of a deadly weapon resulting in substantial bodily harm, attempted murder with the use of a deadly weapon, two counts of battery with the use of a deadly weapon, three counts of attempted robbery with the use of a deadly weapon, and possession of a firearm by a prohibited person.[1] Eighth Judicial District Court, Clark County; William D. Kephart, Judge.

Appellant Michael Smith argues that the district court erred in limiting his cross-examination of the investigating detective about the victims' credibility based on narcotics found in their apartment. At trial, Smith asked the detective if he had "ever charged somebody who declared themselves a victim of a crime with an actual crime themselves?" The State objected on relevance grounds, and the district court sustained the objection. Smith contends this prevented him from challenging the credibility of the three victims. We disagree because Smith has not shown

---

[1]Pursuant to NRAP 34(f)(1), we conclude that oral argument is not warranted.

SUPREME COURT
OF
NEVADA

(O) 1947A

Z1-16897

that the detective's decision not to pursue charges against the victims made any fact at issue more or less probable at trial, *see* NRS 48.015 (defining relevant evidence), or had any bearing on the victims' credibility, *see* NRS 50.075 (providing that a witness's credibility may be impeached). Therefore, we conclude that the district court did not abuse its discretion. *See Azbill v. State*, 88 Nev. 240, 246, 495 P.2d 1064, 1068 (1972) ("The scope and extent of cross-examination is largely within the sound discretion of the trial court and in the absence of abuse of discretion a reversal will not be granted."); *see also* NRS 48.025(2) (providing that irrelevant evidence is inadmissible). Moreover, even assuming error, it was harmless given that Smith cross-examined the victims about the narcotics found in their apartment and their drug use. And the detective testified that he did not charge the victims for the narcotics found in their apartment. *See* NRS 178.598 (harmless error standard).

Smith also argues that insufficient evidence supports his convictions because the jury did not hear the impeachment evidence discussed above. Because we consider the evidence actually presented at trial, *see McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) (providing that this court considers "'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979))), we disagree and conclude that sufficient evidence supports Smith's convictions. The first victim testified that Smith entered the apartment with a firearm, demanded drugs and money, struck him with the firearm, and bound and gagged him. The second victim testified that Smith demanded drugs and money and moved her around the apartment at gunpoint. Finally, the third

victim testified that Smith demanded money before shooting him in the hip and striking him in the head with an object. And the jury had an opportunity to assess the victims' credibility. *See id.* at 56, 825 P.2d at 573 ("[I]t is the jury's function, not that of the [reviewing] court, to assess the weight of the evidence and determine the credibility of witnesses."). Thus, we conclude that a rational juror could find the essential elements of each charged crime. *See* NRS 193.165; NRS 193.330; NRS 200.010; NRS 200.310; NRS 200.380; NRS 200.481; NRS 205.060. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:  Chief Judge, Eighth Judicial District Court
     Department 19, Eighth Judicial District Court
     Mayfield, Gruber & Sanft/Las Vegas
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk